**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

------------------------------------------------------------- x
SONYA ROSS                                                    :
                                                              :
                           Plaintiff,                         :     **Civil Action No.:**
         -against-                                            :     **1:16-cv-00820**
                                                              :
THE ASSOCIATED PRESS                                          :     **ANSWER AND DEFENSES**
                                                              :
                           Defendant.                         :
------------------------------------------------------------- x

Defendant, the Associated Press ("AP"), by and through its undersigned counsel, responds to the Complaint as follows:

1. Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Plaintiff Sonya Ross ("Ms. Ross") purports to bring this action based on the statutes and laws alleged therein.

2. Denies each and every allegation contained in paragraph 2 of the Complaint and respectfully refers all questions of law to the Court for resolution.

3. Denies each and every allegation contained in paragraph 3 of the Complaint and respectfully refers all questions of law to the Court for resolution.

4. Denies each and every allegation contained in paragraph 4 of the Complaint, except admits all that Ms. Ross purports to bring this action based on the statutes and laws alleged therein; except admits, upon information and belief, that Ms. Ross is an adult African American female, is a United States citizen, and resides in Maryland; and except admits that at all times allegedly relevant to the Complaint, Ms. Ross was an employee of AP.

5. Admits the allegation contained in paragraph 5 of the Complaint.

6. Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Ms. Ross began her professional career with the AP as an intern in June 1986.

7. Admit the allegations contained in paragraph 7 of the Complaint.

8. Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that in 1992 Ms. Ross was transferred to the AP's Washington, D.C. bureau, and that assignment lasted for approximately three years.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admits that in September 1995, Ms. Ross was assigned to cover the White House.

10. Denies knowledge and information, except admit that on September 11, 2001, Ms. Ross served as the point pool journalist for a flight aboard Air Force One.

11. Admits the allegation contained in paragraph 11 of the Complaint.

12. Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that in December 2004, Ms. Ross was promoted to Regional New Editor, and that she supervised others and help coordinate coverage of the conventions.

13. Denies each and every allegation contained in paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Ms. Ross applied for an assistant bureau chief position, and admits that the AP hired Janet Leisnner for an assistant bureau chief position.

16. Denies each and every allegation contained in paragraph 16 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth as to Ms. Ross's desire for upward mobility.

17. Denies each and any allegation contained in paragraph 17 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of what

a journalist may have "pointed out" to Ms. Ross, and respectfully refers this Court to the documents reference in paragraph 17 for the contents thereof.

18. Denies each and any allegation contained in paragraph 18 of the Complaint, except admits that Mr. Bruce encouraged Ms. Ross to apply for the director of contact development and alliances position, admits that Ms. Ross applied for an was interviewed for the position, and respectfully refers this Court to the documents reference in paragraph 18 for the contents thereof.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of what Ms. Ross "learned", "sought to inform" or "provided" as alleged in paragraph 20 of the Complaint.

21. Denies each and every allegation contained in paragraph 21 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth Ms. Ross's beliefs, except admits that in January 2012, Tom Curley announced his retirement, and admits, upon information and belief, that on March 5, 2012 Ms. Ross filed a Complaint with the OFCCP and respectfully request this Court to such complaint for the contents thereof.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth as to Ms. Ross's feelings.

24. Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that in or about late 2015, AP expanded the coverage for which Ms. Ross was responsible, and added more reporters to cover race and ethnicity.

25. Denies each and every allegation contained in paragraph 25 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of what Mrs. Ross "senses" or "believes."

26. Denies each and every allegation contained in paragraph 26 of the Complaint, and respectfully refers this Court to the OFCCP Complaint alleged therein for the contents thereof.

27. Denies each and every allegation contained in paragraph 27 of the Complaint, and respectfully refers this Court to the OFCCP Right to sue for the contracts thereof.

28. AP adopts and incorporates my reference all of its responses to paragraphs 1 through 27 as if set forth at length herein.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

31. Denies each and every allegation contained in paragraph 31 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth as to what Ms. Ross was "informed" or as to what Ms. Ross "believes"; and denies that Ms. Ross is entitled to the relief in the "WHEREFORE" clause.

32. AP adopts and incorporates by reference all of its responses to paragraphs 1 through 31 as if set forth at length herein.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth as to what Ms. Ross was "informed" or as to what Ms. Ross "believes"; and denies that Ms. Ross is entitled to the relief in the "WHEREFORE" clause. (AP notes that there are two paragraphs "35"

in the Complaint; to avoid confusion, this Answer contains two paragraphs "35" to correspond with this Complaint.)

35. AP adopts and incorporates by reference all of its responses to paragraph 1 through 34 as if set forth at length herein.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth as to what Ms. Ross was "informed" or as to what Ms. Ross "believes"; and denies that Ms. Ross is entitled to the relief in the "WHEREFORE" clause.

39. AP adopts and incorporates by reference all of its responses to paragraphs 1 through 38 as if set forth at length herein.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth as to what Ms. Ross was "informed" or as to what Ms. Ross "believes"; and denies that Ms. Ross is entitled to the relief in the "WHEREFORE" clause.

43. AP adopts and incorporates by reference all of its responses to paragraphs 1 through 42 as if set forth at length herein.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth as to

what Ms. Ross was "informed" or as to what Ms. Ross "believes"; and denies that Ms. Ross is entitled to the relief in the "WHEREFORE" clause.

47.	AP adopts and incorporates by reference all of its responses to paragraphs 1 through 46 as if set forth at length herein.

48.	Denies each and every allegation contained in paragraph 48 of the Complaint.

49.	Denies each and every allegation contained in paragraph 49 of the Complaint.

50.	Denies each and every allegation contained in paragraph 50 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth as to what Ms. Ross was "informed" or as to what Ms. Ross "believes"; and denies that Ms. Ross is entitled to the relief in the "WHEREFORE" clause.

51.	AP adopts and incorporates by reference all of its responses to paragraphs 1 through 50 as if set forth at length herein.

52.	Denies each and every allegation contained in paragraph 52 of the Complaint.

53.	Denies each and every allegation contained in paragraph 53 of the Complaint.

54.	Denies each and every allegation contained in paragraph 54 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth as to what Ms. Ross was "informed" or as to what Ms. Ross "believes"; and denies that Ms. Ross is entitled to the relief in the "WHEREFORE" clause.

### AS AND FOR A FIRST DEFENSE

55.	The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

56.	The Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

57. Any and all actions taken by the AP were based on legitimate, non-discriminatory reasons.

## AS AND FOR A FOURTH DEFENSE

58. Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to file a timely claim thereon with relevant administrative agencies and failed to exhaust all necessary administrative remedies or procedures regarding such claims.

## AS AND FOR A FIFTH DEFENSE

59. Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to meet administrative prerequisites or conditions precedent regarding the commencement of this action.

## AS AND FOR A SIXTH DEFENSE

60. The Complaint is barred, in whole or in part, to the extent it relies upon, or refers to claims not asserted in the OFCCP complaint.

## AS AND FOR A SEVENTH DEFENSE

61. Upon information and belief, Plaintiff failed to mitigate damages, if any exist, as required under the law.

## AS AND FOR AN EIGHTH DEFENSE

62. At all relevant times herein, Plaintiff was an employee at will.

## AS AND FOR A NINTH DEFENSE

63. Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver and estoppel.

## AS AND FOR A TENTH DEFENSE

64. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR AN ELEVENTH DEFENSE

65.  Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## AS AND FOR A TWELFTH DEFENSE

66.  Any damages or loss sustained by Plaintiff were caused solely by the culpable conduct on the part of Plaintiff.

67.  Plaintiff is therefore not entitled to recover.

## AS AND FOR A THIRTEENTH DEFENSE

68.  Plaintiff's claims are barred, in whole or in part, by the exclusive remedies provided under applicable Workers' Compensation Laws.

**WHEREFORE**, the AP demands judgment dismissing the Complaint in its entirety, with prejudice, together with costs, fees (including reasonable attorneys' fees) and disbursements incurred in defending this action and such other and further and different relief as the Court deems just and proper.

Dated:  New York, New York
        September 1, 2016

PUTNEY, TWOMBLY, HALL & HIRSON LLP

By: /s/ JBC
Stephen J. Macri
Joseph B. Cartafalsa
521 Fifth Avenue
New York, New York  10175
(212) 682-0020
*Attorneys for Defendant*