UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA L. ROSS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-00820 |
| ) | |
| THE ASSOCIATED PRESS ) | |
| ) | |
| Defendant. ) | |

### AMENDED JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, the parties conferred concerning the below issues and submit this statement.

**A.**   **Brief Statement of the Case:**

**Plaintiff**:

Plaintiff brings this action pursuant to Title VII, 42 U.S.C. §1981 and the Age Discrimination in Employment Act of the United States Civil Rights Act and the District of Columbia Human Rights Act for discrimination and retaliation on the basis of race, gender, age and protected activity in employment.

During her tenure as an employee of the Associated Press, the Defendant, through its agents or supervisors, unlawfully discriminated and denied Ms. Ross equal employment opportunities and created an abusive and hostile work environment because of her race and sex without cause of justification. The Defendant a) subjected Ms. Ross to unlawful retaliation and denied her the rights and privileges secured by Title VII, when it denied her professional opportunities for which she was qualified and created a hostile work environment, without cause or justification, because she was and had engaged in protected activity, (b) unlawfully discriminated and denied Ms. Ross equal employment opportunities and created an abusive and hostile work environment because of her race without cause or justification (c) subjected Ms. Ross to unlawful retaliation and denied her the rights and privileges secured, when it denied her professional opportunities for which she was qualified and created a hostile work environment , (d) unlawfully discriminated against Ms. Ross in her employment because of her age, when it subjected to disparate treatment and created an abusive and hostile environment, (e) unlawfully discriminated against Ms. Ross in her employment because of her age, when it denied her

professional opportunities for which she was qualified and created a hostile work environment because she was and had engaged and participated in protected activity.

**Defendant**:

Associated Press ("AP") denies all material allegations contained in the Complaint. Even on the face of the Complaint, it is clear that AP has promoted Plaintiff and provided her numerous professional opportunities. AP reserves all rights and defense, including that Plaintiff failed to exhaust all available administrative remedies, and has failed to sufficiently allege a hostile work environment.

B. **Joint Statement Regarding LCvR 16.3(c):**

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

    Both parties anticipate filing a dispositive motion after the close of discovery.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

    The parties propose that any amendment of pleadings or the joinder of additional parties shall be made within sixty (60) days of the Court's scheduling conference, September 20, 2016. The parties submit that it is unlikely that any factual or legal issues can be agreed upon or narrowed at this point in the litigation.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

    The parties do not consent to the assignment of this case to a magistrate judge.

4. **Whether there is a realistic possibility of settling the case.**

    The parties have not exchanged any settlement demand, but are willing to

consider settlement options.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties submit that the case may benefit from the Court's ADR procedures on a mutually agreed date.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for decision on the motions.**

The plaintiff anticipates filing a dispositive motion on issues of liability after the close of discovery. This motion, however, will not resolve issues related to damages.

The defendant anticipates that the case can be resolved by dispositive motion after the close of discovery.

The parties agree that Defendant's motion for summary judgment be filed within sixty (60) days after close of all discovery, on May 18, 2017; that any combined cross-motion and opposition be filed on June 16, 2017; that Defendant's rely and any opposition to the cross-motion be filed on July 17, 2017; and that Plaintiff's reply to any opposition to the cross-motion should be filed om July 31, 2017.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties propose to exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) within thirty (30) days of the parties' scheduling conference.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.**

> The parties propose that discovery be completed one-hundred-eighty (180) days from the Scheduling conference in this case, March 19, 2017. The parties submit that all discovery matters – including limitations placed on discovery – shall be governed by the Federal Rules of Civil Procedure. Depending on discovery sought, a protective order may be warranted to preserve the confidentiality of certain information.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

> The parties propose that that there should be a modification of Rule 26(a)(2), to allow for plaintiff's expert(s) to be named sixty (60) days after the Scheduling conference in this case, November 19, 2016. Defendants would then name their expert(s) sixty (60) days after plaintiff's experts are named, January 18, 2017, and all expert depositions would be concluded by the close of the discovery period.

10. **In class actions.**

> This provision is not applicable.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

> The plaintiff submits that bifurcation of discovery or trial is unnecessary in this matter.

The defendant submits that discovery need not be bifurcated or managed in phases, but reserves the right to move for bifurcation of trial following the close of discovery.

12. **The date for the pretrial conference (understanding that trial will take place 30 to 60 days thereafter).**

    The parties submit that any pretrial conference should be scheduled 30 days following the Court's ruling on any outstanding dispositive motion(s).

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

    The parties submit that the Court should not set a firm trial date at the first scheduling conference but that the trial date should be set at the pretrial conference.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

    None at this time.

Dated: September 19, 2016

        Respectfully Submitted,

        *s/ Lisa Alexis Jones*
        Lisa Alexis Jones
        Lisa Alexis Jones, PLLC
        One Rockefeller Plaza
        10th Floor
        New York, N.Y. 10020
        (646) 756-2967
        (646) 888-6778 Facsimile
        ljones@lisaajones.com

        */s/ Cynthia Goode Works*
        Cynthia Goode Works, Esq.
        9701 Apollo Drive

Suite 301
Largo, Maryland  20774
(301) 474-5562
(866) 474-8484 (Fax)
cynthia@goodeworkslaw.com

*Counsel for Plaintiff*

and

*/s/ Joseph B. Cartafalsa*
Joseph B. Cartafalsa
Stephen J. Macri
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue, 10th Floor
New York, New York 10175
(212) 682-0020
jcartafalsa@putneylaw.com

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA L. ROSS | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 1:16-cv-00820 |
| | ) |
| THE ASSOCIATED PRESS | ) |
| | ) |
|     Defendant. | ) |

## AMENDED PROPOSED SCHEDULING ORDER

Upon consideration of the Parties Joint Rule 16.3 Statement, it is hereby

**ORDERED** that the following schedule shall govern proceedings in this case:

Deadline to Exchange Initial Disclosures, October 20, 2016
Deadline to Amend the Pleadings, November 21, 2016
Deadline to Join Additional Parties, November 21, 2016
Plaintiff's Rule 26(a)(2) Expert Disclosures November 19, 2016
Defendant's Rule 26(a)(2) Expert Disclosures January 18, 2017
End of Discovery March 19, 2017
Defendant's Motion for Summary Judgment due May 18, 2017
Plaintiff's Cross-motion and Opposition, June 16, 2017
Defendant's Opposition to Cross-motion and Reply, July 17, 2017
Plaintiff's Reply to Motions, July 31, 2016

**SO ORDERED**.

_____
Tanya S. Chutkan
United States District Court

2

H:\JBC\Assoc Press\Ross\Meet and Confer-Redlined.docx